## Heyna v. Lyons.

(Decided February 26, 1929.)

HARDIN & GENTRY for appellant.

W. D. ASHCRAFT and J. R. LAYMAN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

On January 8, 1910, a tract of land in Meade county was conveyed to Dr. Ernest Moraneck; on September 7, 1911, he conveyed to Gustave Heyna 44 acres on one end of the tract, and by the deed granted to Heyna a right of road or passway over his other lands "to run from the

land hereby conveyed with the line between the first party's land and the McGeehee place to the first party's private road and thence with said private road of first party as it may be located to the public road.'' Dr. Moraneck lost his life in the sinking of the Titanic in April, 1912. After this his other land was, on March 4, 1918, conveyed to Paul Wilson, who a year or two later conveyed it to Jonas Lyons. On July 20, 1927, Heyna brought this suit against Lyons charging that he had obstructed the right of road and passway conveyed by the deed to him. The circuit court dismissed Heyna's petition, and he appeals.

The situation is illustrated in the following plat:

The lines 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 1, include Moraneck's other lands. The controversy turns on whether Heyna's passway runs from the figure 12 with the lines 12, 13, 14, 15, to the public road, or from 12 with the lines 12, 9, 8. Heyna claims the first location—Lyons the second. The lines 1, 2, 3, 4 are the lines between Moraneck's land and the McGeehee place, but, when Heyna bought, the land west of the lines 2, 4, was in timber, which Moraneck did not wish to cut, and so by an agreement between

him and Moraneck the road was located from 2 to 4. At that time there was and had been for many years, a neighborhood road running from 19, as indicated on the map by lines 9, 12, 4, 20, which ran out to another public road three or four miles beyond, and passed by the schoolhouse and a couple of churches. Hardin then owned the land east of the line 8, 10, the dwelling house being at 17. Moraneck's dwelling was at 16; his barn near 13, and he had a road leading from his house through his barn lot up to 12. This was not a neighborhood road, but simply his farm road. The neighborhood road, which had existed as far back as the memory of the witnesses extends, ran from 19 to 20 and out to the other public road. After Wilson bought, the owner of the Hardin land set the road back to the line, and then Wilson, to give Heyna a road, set his fence back and opened a road from 9 to 8. · There was no dispute about this, and in this condition of things, a year or more after the road had been so opened and used, Jonas Lyons bought the tract from Wilson. He lived there seven years, and there was no trouble between him and Heyna for these seven years, then Heyna became dissatisfied with that road, and wanted the road opened from 12 to 13, 14, 15.

The proof leaves no doubt as to what Moraneck meant when in his deed granting this right of way he used the words: ''Thence with said private road of first party as it may be located to the public road.'' He had no right to control the location of this private road through Hardin's land, and so he did not contract for the road as then located, but provided simply that Heyna should use this old road as it might be located thereafter. The weight of the evidence sustains the circuit judge in finding that this road is a good, practicable route and in refusing to disturb a location of the road made years before, which had been acquiesced in for seven or eight years. The court gives some weight to the finding of the chancellor in cases like this, and does not disturb his finding on a question of fact where the mind is left in doubt as to the truth. The deed to Heyna did not convey to him the right to the private road as then located, but only the right to it ''as it may be located to the public road.'' Such roads are often changed by the owner of the land, and this right the grantor here retained. The facts bring

the case within the rules, as thus stated in 19 C. J. pp. 971, 972:

> "If the grantor reserves the right to locate a way within certain limits over the lands granted, as he may locate the way at any point within such limits, provided he does not act wantonly or oppressively in so doing." Section 210.
>
> "As otherwise expressed, it is a familiar rule that when a right of way is granted without defined limits, the practical location and use of such way by the grantee under his deed acquiesced in for a long time by the grantor will operate to fix the location." Section 213.

The road from 19 to 12 is the road used by other people traveling over this neighborhood road, and Heyna is not entitled to another road.

Judgment affirmed.